UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA          :
                                  :      16-cr-567-3 (JSR)
        -v-                       :
                                  :      ORDER
GEROLD COOPER,                    :
                                  :
        Defendant.                :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

     On April 20, 2018, Gerold Cooper pled guilty to one count

of conspiracy to commit robbery affecting interstate commerce.

On October 25, 2018, the Court sentenced Cooper to, inter alia,

100 months' imprisonment.  Cooper, having served less than half

of his sentence, now moves for compassionate release pursuant to

18 U.S.C. § 3582(c).

     Prior to the enactment of the FIRST STEP Act of 2018, Pub. L.

No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau

of Prisons ("BOP") could file a motion for compassionate release.

The FIRST STEP Act amended this provision to permit an inmate to

file a motion for compassionate release following the exhaustion

of his or her administrative remedies with the BOP or 30 days after

submitting a request to the appropriate Warden. See 18 U.S.C.

§ 3582(c)(1)(A).  Thereafter, the Court "may reduce the term of

imprisonment, after considering the factors set forth in section

3553(a) to the extent they are applicable, if it finds that . . .

1

extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. The relevant policy statement provides that a sentence reduction is permitted if, inter alia, "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Cooper submitted a request for compassionate release to the Warden of Federal Correctional Institute Allenwood Low on April 6, 2020, which the Warden denied on April 10, 2020. Therefore, Cooper has exhausted his administrative remedies.

Cooper cites as "extraordinary and compelling" reasons for his release "numerous health issues," including "hypermetropia, gastroesophageal reflux, helicobacter pylori, disease of the spleen, peptic ulcer, iron deficiency, and steroid stomach insertion by needle every three months," as well as the fact that he is "wheelchair bound." Pro Se Motion for Compassionate Release, ECF No. 250, at 2 (punctuation and capitalization altered). Cooper asserts that these illnesses "are directly in line with the conditions" that place individuals at great risk if exposed to the novel coronavirus, according to the Centers for Disease Control and Prevention ("CDC"). Id. at 3.

Furthermore, Cooper contends that at the time of his motion there was an active COVID-19 infection at FCI Allenwood Low; that

the close living conditions and allegedly inadequate sanitation in the facility make prisoners particularly susceptible to COVID-19; and that recent experiences at the BOP, supported by the medical literature, show the possibility that the virus could spread exponentially.   He argues that he was sentenced to "a term of imprisonment, not to a term of death." Id. at 8 (capitalization altered).   He also attaches a list of cases in which other defendants have been granted compassionate release and cites, in particular, the cases of Michael Cohen and Paul Manafort.

These factors do not demonstrate "extraordinary and compelling" reasons for Cooper's release.  First, while the Court is not unsympathetic to Cooper's many physical problems, the medical conditions that Cooper cites relate principally to the digestive tract (gastroesophageal reflux, helicobacter pylori, peptic ulcer, steroid stomach insertion by needle every three months).  Such digestive issues are not listed by the CDC as causing, or likely to cause, increased risk for severe coronavirus illness.[1]  Cooper's other asserted medical conditions -- hypermetropia, an eye condition; disease of the spleen; iron deficiency; and the fact that he is wheelchair bound -- are also not among the conditions of concern identified by the CDC.

---

[1] Centers for Disease Control and Prevention, Certain Medical Conditions and Risk for Severe Coronavirus Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

3

Cooper's age (50 years) and medical conditions do not place him within a high-risk category, as identified by the CDC.

Second, while Cooper is undoubtedly correct that close quarters and other prison conditions increase COVID-19 transmission risk, thus far the FCI Allenwood Low facility appears to have effectively contained the virus. Since Cooper drafted his motion, the one inmate there with a known active infection has recovered, and there are presently no known COVID-19 cases at Allenwood Low.[2]

Finally, Cooper's references to other cases are not availing. Compassionate release motions require a case-by-case inquiry. Other defendants (including some others this Court has released) have demonstrated extraordinary and compelling circumstances, including circumstances related to COVID-19; Cooper has not.[3]

In addition to all this, even if Cooper were able to demonstrate extraordinary and compelling reasons for his release (which he has not), Cooper's motion would nevertheless need to be denied because Cooper presents a "danger . . . to the community."

---

[2] BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last accessed Aug. 21, 2020).

[3] With respect to Cohen and Manafort, the Court notes that they were released from incarceration by the BOP, not by a judge. Indeed, when Cohen previously sought compassionate release by motion to the assigned judge, that motion was denied. Memorandum & Order, U.S. v. Cohen, 18cr602 (WHP), ECF No. 72 (S.D.N.Y. Mar. 24, 2020).

See U.S.S.G. § 1B1.13(2). He was convicted of conspiracy to commit serious and violent robberies in 2014-2015. During allocution, he conceded that he participated in such robberies and sometimes held a weapon. Transcript, ECF No. 197, at 14. Furthermore, Cooper has been previously incarcerated for similar crimes. In 1990, Cooper was sentenced to between 54 and 108 months' imprisonment for twice robbing a restaurant cashier at gunpoint. This prior sentence was not enough to deter Cooper from recidivating; the string of gunpoint robberies at issue in this case are remarkably similar to the crimes for which he was sentenced almost three decades ago. Given that his prior prison term did not deter Cooper from returning to gunpoint robbery, and that Cooper has served less than 40% of his current 100-month sentence, the Court concludes that Cooper still presents a continuing danger to the community. Therefore, any reduction in his sentence would be inconsistent with applicable policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A).

Finally, and for similar reasons, the 3553(a) factors weigh against compassionate release. First, granting Cooper's motion after he has served less than 40% of the 100-month prison sentence the Court imposed would fail "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A). Second, because Cooper's prior term of incarceration did not deter him, the short time

5

Cooper has served thus far is insufficient to afford adequate deterrence to the defendant. Id. § 3553(a)(2)(B).   Finally, Cooper's continued imprisonment is necessary to protect the public from further crimes of the defendant. Id. § 3553(a)(2)(C).

For these reasons, Cooper's motion for compassionate release is denied.

SO ORDERED.

Dated:   New York, NY

August 24, 2020                              JED S. RAKOFF, U.S.D.J.