```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :        16-cr-567-3 (JSR)
          -v-                       :
                                    :        ORDER
GERALD COOPER,                      :
                                    :
          Defendant.                :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On April 20, 2018, Gerald Cooper pled guilty to one count of conspiracy to commit robbery affecting interstate commerce. On October 25, 2018, the Court sentenced Cooper to, inter alia, 100 months' imprisonment. In August of 2020, Cooper moved for compassionate release pursuant to 18 U.S.C. § 3582(c), which the Court denied on August 24, 2020. See ECF No. 251.

Now before the Court is Cooper's motion for reconsideration for compassionate release. After appointing counsel for Cooper, the Court received written briefing and oral argument on the motion. Having considered all this, the Court finds that Cooper has not demonstrated that extraordinary and compelling reasons warrant a reduction in his sentence. Neither has Cooper persuaded the Court to change its assessment that Cooper poses a danger to the community and that the § 3553 factors weigh against granting his release. Accordingly, the Court denies Cooper's motion for reconsideration for compassionate release.

1

After the passage of the FIRST STEP Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), an inmate may file a motion for compassionate release following the exhaustion of his or her administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). Thereafter, the Court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." <u>Id.</u> As relevant here, the policy statements provide that a sentence reduction is permitted if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Cooper's motion for reconsideration, like his August 2020 motion, emphasizes his health conditions and the COVID-19 situation at FCI Allenwood Low as "extraordinary and compelling" reasons for his release. In addition to the health conditions Cooper cited in his August 2020 motion (hypermetropia, gastroesophageal reflux, helicobacter pylori, disease of the spleen, peptic ulcer, iron deficiency, and steroid stomach insertion by needle every three months, as well as the fact that he is wheelchair-bound), Cooper now adds that he had been diagnosed as having latent tuberculosis. Cooper argues that the effects of

2

his medical issues -- primarily being overweight, having a weakened immune system from steroid injections, and having a diagnosis of latent tuberculosis affecting his lungs -- place him in a heightened risk category for COVID-19.

While the Court is sympathetic to Cooper's physical problems, these factors do not demonstrate "extraordinary and compelling" reasons for Cooper's release. First, as discussed in the August 2020 order denying Cooper compassionate release, the medical conditions that Cooper previously cited are not listed by the CDC as causing, or likely to cause, increased risk for severe coronavirus illness.[1] While Cooper now cites to decisions by some district courts granting early release to defendants with tuberculosis,[2] other district courts have denied early release to defendants with tuberculosis.[3] In any event, compassionate release motions must be assessed on a case-by-case basis, and Cooper's age

---

[1] Centers for Disease Control and Prevention, Certain Medical Conditions and Risk for Severe Coronavirus Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] Those cases are also distinguishable from Cooper's. For example, the defendant in United States v. Atwi was a nonviolent offender serving a four-month sentence who had active tuberculosis in a facility with 37 active cases of COVID-19 among prisoners and 37 active cases among staff. 455 F. Supp. 3d 426, 430-32 (E.D. Mich. 2020). All of the cases cited by Cooper were decided prior to the COVID-19 vaccine becoming available.

[3] This includes in this District. See, e.g., United States v. Sattar, 467 F. Supp. 3d 152 (S.D.N.Y. 2020).

3

(now 51 years) and medical conditions do not place him within a high-risk category as identified by the CDC. Second, while close quarters and other prison conditions increase COVID-19 transmission risk, Cooper has not demonstrated that the FCI Allenwood Low facility is failing to effectively contain the virus.[4]

As stated in the Court's August 2020 order denying compassionate release, even if Cooper's health conditions placed him at greater risk than they do, the Court would still deny his motion for reconsideration because the § 3553(a) factors still weigh against granting his motion. First, granting Cooper's motion after he has served only half of the 100-month prison sentence the Court imposed would fail "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A). Cooper was convicted of conspiracy to commit serious and violent robberies in 2014-2015, during which he sometimes carried a weapon. In on instance, he pistol-whipped a woman and threatened to blow her brains out. In addition, Cooper's previous incarceration for crimes similar to

---

[4] At the time of briefing and argument, there were no known COVID-19 cases at Allenwood Low. BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last accessed Oct. 7, 2021). While as of October 7, 2021 there were five confirmed cases among inmates at Allenwood Low, and zero confirmed cases among staff, the trend does not indicate that the COVID-19 situation at Allenwood Low is an extraordinary and compelling reason to grant Cooper compassionate release.

4

the ones at issue in this case indicates a pattern of committing violent robberies, even as he ages. In 1990 Cooper was sentenced to between 54 and 108 months' imprisonment for twice robbing a restaurant cashier at gunpoint. Because his prior term of incarceration did not deter Cooper from returning to gunpoint robbery, the time Cooper has served thus far is insufficient to afford adequate deterrence. Id. § 3553(a)(2)(B). Finally, Cooper's continued imprisonment is necessary to protect the public from further crimes. Id. § 3553(a)(2)(C).

For these reasons, Cooper's motion for reconsideration for compassionate release is denied. The Clerk is directed to close the entries at docket numbers 250, 253, and 257.

SO ORDERED.

Dated:   New York, NY

October 8, 2021

JED S. RAKOFF, U.S.D.J.